The United States District Court
For Western District of Oklahoma

**FILED**

JUN 2 5 2010

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

Steven Lee Craig )
1309 Hisel Rd. )
Del City, Oklahoma 73115 )
)
       Plaintiff )
)
Vs. )
) **CIV-10-659**  **C**
The United States of America, )
) Case No.
)
US Department of )
Homeland Security )
Secretary Janet Napolitano )
and Predecessors, )
)
)
US Citizenship & )
Immigration Service )
Director Alejandro Mayorkes )
and Predecessors )
Washington, D.C. )
)
       Defendant )

<u>Motion for Preliminary Injunction
Preceding Civil Rights Complaint
and/or
Appeal of Administrative Decision</u>

Motion is made for the Preliminary Injunction barring the continued dissemination and distribution of the Publication US Government Printing Office, (USGPO), ISBN 978-0-16-078003-5, or authorized new ISBN's as provided for, prepared by and for the United States Citizenship & Immigration Service, (USCIS),

Page I                          06/25/10
Motion for Preliminary Injunction

The United States District Court
For Western District of Oklahoma

under the authority of the United States Department of Homeland Security, (DHS), being specifically the USCIS publication numbered M-76 and titled "The Citizen's Almanac"[I] being in violation of The Constitution of the United States of America, Article II Section I Clause V[II], with no other authorities needing to be cited.

Motion is made for the Preliminary Injunction to continue pending the determination(s) and/or resolution(s) of the Appeal in process at the Administrative Appeals Office of the USCIS, regarding the N-600 Application for Certification of Citizenship as an American Natural Born Citizen, under the authority of the DHS [III], and or. pending the determination(s) and/or resolution(s) of the anticipated Demur by US Justice Department and/or US Attorney should the AAO decide in favor of Movant, and / or, anticipated Appeal of Administrative Appeals Office Decision, should it be in the negative, insofar as the determination of Movant's American Natural Born Citizen status, insofar as 'citizenship' is concerned,

The United States District Court
For Western District of Oklahoma

in which, in each instance, the Constitutionality and authorities to publish, disseminate and distribute the offending and offensive subject information within the publication shall be contested, amongst other Constitutional issues of 'Citizenship'.

Movant asserts 'certain and specific' information contained within the subject publication(IV) is un-Constitutional in its words, misleading in its context and not authorized by any identifiable authority and is obviously, apparent and unambiguously in error of the Un-Amended Article II Section I Clause V of the Constitution with the text of the Clause entered here;

> Constitution of the United States of America
> Article 2 Section 1 Clause 5.
> "No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any Person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States."
> (un-Amended original text w/ 'expired' Grandfather Clause incl.)

The United States District Court
For Western District of Oklahoma

The offending paragraph of the publication;

> The Citizen's Almanac, M-76, ISBN:978-0-16-078003-5
> Page 4, (excerpt single paragraph);
> "Right to run for elected office.

U.S. citizenship is required for many elected offices in this country.

Naturalized U.S. citizens can run for any elected office they choose with the exception of President and Vice President of the United States, which require candidates to be **native-born citizens."**          (emphasis added)

Movant had submitted a Freedom of Information Act, (FOIA) [V] request, attached hereto, for the legal authority that lead to the subject information contained in the publication and subsequently Movant has received the non-responsive response stating that there is no information responsive to that request. Subsequent communications confirmed that there is NO identifiable authority responsible for the subject information's inclusion in the publication which is un-Constitutional in its words, misleading in its context and not

The United States District Court
For Western District of Oklahoma

authorized by any identifiable authority of the USCIS, DHS and/or any other Department, Agency or Service of The United States of America.

Movant had contacted the GPO to determine by what authority the offending information was included and was promptly notified that the GPO does not review the content for editorial or factual correctness of submissions for publication. [VI]

Movant contacted the National Endowment for the Humanities, (NEH) [VII] who are listed as a 'supporter', and asked for information, if any, of any and all communications, memo's and/or minutes of discussion regarding the content of the publication and subsequently was notified that the NEH provided only general support for the mission of the USCIS but are not involved in policy and/or editorial decisions.

The United States District Court
For Western District of Oklahoma

Movant has received response from the USCIS Ombudsman [VIII] who also appears incapable of comprehending the effort to support, protect and defend the Constitutional imperative of acknowledging the existence of and distinguishable characteristics of the Article II Section I Clause V 'idiom' of 'natural born citizen' nor willing to acknowledge a controversy exists.

Moviant, at every turn, has been notified that NO ONE is in charge, responsible or in authority to explain how, why, who, when or where the authority came from for what is included in the offending paragraph in violation of multiple sections of USC 5 and CFRs.

Movant acknowledges that the Courts, to date, have not been presented a Bona Fide case and controversy requiring the 'citizenship question' determination of the definition, meaning and intent of the Constitutional 'idiom' of natural born citizen, having more often been concerned with the *transient* 'political question' aspect of the 'idiom', which comes attached with 'separation of powers' concerns.

The United States District Court
For Western District of Oklahoma

Movant now finds that the USCIS, under the authority of the DHS, has assumed the authority and expressed the ability to do what the courts have not, to date, but have done so with a term of words that are inconsistent, incompatible and unsupportable in the context of the Constitutional 'idiom', which this court is mandated to illuminate where there is confusion. (IX)

The 'citizenship question', being the determination of the existence and specific circumstances that mark the path of being a 'Constitutional' natural born citizen is unencumbered with the *transient* 'political question' and 'separation of powers' concerns, being ONLY concerned with the circumstances required to distinguish the path to citizenship of the 'natural born citizen' required to be a portion of the population of the Representative Republic established by the Constitution of the United States of America.

The United States District Court
For Western District of Oklahoma

Movant finds no Constitutional, statutory nor judicial opinions that supports the language expressed in the publication and therefore must be found to have neither statutory nor Constitutional authority to be so expressed in a government publication. In the first instance, neither the Congress nor agencies of the government have promulgated laws or policies abridging, enlarging or modifying the subject 'idiom' that is expressed to identify the 'eligibility' requirements from amongst the 'citizen population at large' for the Executive Branch Office of POTUS within the Constitution.

That requires an Amendment, as realized by the Congress of 1795 with the repeal of the 1790 Bill on immigration and naturalization..

In the second instance, there has been no Amendment to the Article regarding the subject 'idiom' of the expressed form of citizenship therein, no words that say so and no words that require it. Therefore, it remains, as it was when it was written, and as such, was acknowledged, post Fourteenth Amendment, in the case of Minor V Happersette [X].

The United States District Court
For Western District of Oklahoma


For this cause it is prayed the Motion for Preliminary Injunction be so ordered, barring the continued dissemination and distribution of the Publication USGPO ISBN: 978-0-16-078003-5 prepared by and for the USCIS, under the authority of the DHS, being the USCIS publications numbered M-76 and titled "The Citizen's Almanac", containing the offending and offensive language to the Constitution of the United States of America found in the subject paragraph on page 4 thereof pending the resolution of the 'citizenship question' implied in the un-Constitutional term used within the publication being no more than a single aspect of the implicit Constitutional 'idiom' correctly and explicitly expressed as 'natural born citizen', replete with all the circumstances, necessities, imperatives, inferences, and/or conditions a 'definition, meaning and intent' may be imbued within an 'idiom'.


By leave of the Court I pray it be so ordered

The United States District Court
For Western District of Oklahoma

Pro Se, In Forma Pauperis

Steven Lee Craig

1309 Hisel Rd.

Del City, Oklahoma 73115

(405) 670-1784

(405) 822-2193

slcraigre@aol.com